**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 11-cr-00196-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROY BARNHART,

    Defendant.

**ORDER
FOR COMPETENCY EXAMINATION AND DETERMINATION**

**Blackburn, J.**

This matter came before me on July 1, 2011, for consideration of the **Unopposed Motion For Competency Evaluation And Hearing To Determine Mental Competency To Proceed** [#11][1] filed May 23, 2011, by counsel for the defendant. The government does not object.

I may order a competency hearing ". . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "The Constitution forbids the trial of a defendant who lacks mental competency." *See Dusky v. United States*, 362 U.S.402 (1960). The test for

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

competency to stand trial asks whether a defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.' *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir.2000) (quotations omitted); *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ('It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.)." *Accord United States v. Deshazer*, 554 F.3d 1281, 1286 (10th Cir. 2009).

Based on the averments stated in the motion, I find and conclude that such reasonable cause exists under 18 U.S.C. § 4241(a).

Of necessity, the Trial Preparation Conference and the trial by jury must be vacated and continued for at least the time necessary to determine the competency of the defendant. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Unopposed Motion For Competency Evaluation And Hearing To Determine Mental Competency To Proceed** [#11] filed May 23, 2011, by counsel for the defendant is granted;

2. That pursuant to 18 U.S.C. § 4241(a), a hearing to determine the competency of the defendant shall be conducted, if and when necessary, as set during the next

status conference conducted in this case;

    3. That pursuant to 18 U.S.C. § 4241(c), any competency hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d);

    4. That prior to the competency hearing and pursuant to the provisions of 18 U.S.C. § 4247(b), a psychiatric or psychological examination shall be conducted by a licensed or certified psychiatrist or psychologist to be designated and provided by the Bureau of Prisons;

    5. That the defendant, who is in the custody of the Attorney General, shall be placed forthwith at the Federal Detention Center or the Federal Correctional Institution,[2] 9595 W. Quincy Avenue, Englewood, Colorado 80123, or at some other suitable facility, for a period not to exceed thirty (30) days from the date of this order to facilitate the psychiatric or psychological examination and to implement the orders of this court;

    6. That the licensed or certified psychiatrist or psychologist conducting the psychiatric or psychological examination shall be granted reasonable access to the defendant to facilitate the psychiatric or psychological examination and to implement the orders of this court;

    7. That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the psychiatric or psychological examination of the defendant, a psychiatric or psychological report shall be prepared by the licensed or certified psychiatrist or psychologist and shall be filed with the court, with copies to counsel for the government and the

---

[2] Under Fed.R.Evid. 201, I take judicial notice that the Federal Detention Center and the Federal Correctional Institution each qualify as a "suitable facility" as defined by 18 U.S.C. § 4247(a)(2) and as required by 18 U.S.C. § 4247(b).

defendant;

8. That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4),[3] the psychiatric or psychological report shall include the following:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions as to the diagnosis and prognosis; and

    e. The examiner's opinion about whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

9. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c);

10. That per force the Trial Preparation Conference set for July 15, 2011, is vacated and continued, pending further order;

11. That per force the trial by jury set to commence July 18, 2011, is vacated and continued, pending further order; and

12. That a status conference shall be held on August 19, 2011, commencing at 8:30 a.m. (MDT); provided, furthermore that any motion to waive the appearance of the defendant shall be filed by August 9, 2011.

---

[3] Because 18 U.S.C. § 4241 is apposite, the examiner must opine as to competency as required by 18 U.S.C. § 4247(c)(4)(A).

Dated July 15, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge