# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 11-cr-00196-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROY BARNHART,

      Defendant.

## ORDER DETERMINING COMPETENCY

**Blackburn, J.**

On September 30, 2011, this matter came before me for a competency hearing under 18 U.S.C. §§ 4241 and 4247(d), and, thus, for determination of the defendant's competency, *vel non*. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed. I find that the defendant is competent to proceed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered that the defendant does not contest the finding of competency; having considered the **Forensic Evaluation** [#18] filed under seal on August 17, 2011, to which the parties do not object; and noting that the parties do not object to my consideration of the **Forensic Evaluation** [#18] or the entry of a finding of competency, I enter the following findings of fact,[1] conclusions of law, and orders.

---

[1] My findings of fact are supported by at least a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On July 15, 2011, I entered an **Order For Competency Examination And Determination** [#15], granting defendant's **Unopposed Motion For Competency Evaluation And Hearing To Determine Mental Competency To Proceed**[#11] filed May 23, 2011.

2. Pursuant to my order and 18 U.S.C. § 4247(b), Dr. David E. Morrow, a forensic psychologist, conducted a psychological examination of the defendant. On August 17, 2011, the **Forensic Evaluation** [#18] of Dr. Morrow was filed under seal. The report included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I approve, adopt, and incorporate the forensic findings, diagnoses, and opinions of Dr. Morrow.

3. The defendant is not presently suffering from a mental disease or defect[2] rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or unable to assist properly in his defense. Therefore, the defendant is presently competent to proceed.

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), and with the concurrence of the parties, the period of delay, *i.e.*, from the filing of defendant's motion [#11] on May 23, 2011, to the date of the competency hearing on September 30, 2011, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Roy Barnhart**, is declared competent to proceed ;

---

[2] The diagnoses of Dr. Morrow are stated on page 9 of his report.

2. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, *i.e.*, from the filing of defendant's motion [#11] on May 23, 2011, to the date of the competency hearing on September 30, 2011, resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

3. That this case is continued to **October 12, 2011**, at 10:00 a.m., for status and scheduling conference, at which counsel and the defendant shall appear without further notice or order; provided, that to the extent necessary, the United States Marshal for the District of Colorado shall assist the court in securing the appearance of the defendant..

Dated September 30, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge